UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLIFTON SCOTT DILLEY | : | |
| *Plaintiff,* | : | |
| | : | |
| VERSUS | : | |
| | : | CIVIL NO. 3:19-cv-00391-BAJ-EWD |
| STATE OF LOUISIANA, | : | |
| DEPARTMENT OF PUBLIC SAFETY | : | |
| AND CORRECTIONS, AND | : | |
| OFFICE OF STATE POLICE, | : | |
| AND KASHA DOMINGUE | : | |
| *Defendants.* | : | |

**<u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 12(c) MOTION FOR JUDGMENT ON PLEADINGS</u>**

Plaintiff, Clifton Scott Dilley, through undersigned counsel, respectfully submits this opposition to Defendant's, Louisiana Department of Public Safety & Corrections (Office of State Police), *Rule 12(c) Motion for Judgment on Pleadings.* (Doc. 116.)

Defendant, Louisiana Department of Public Safety & Corrections, seeks dismissal of the state law claims of this lawsuit, which has been filed over four years ago, June 17, 2019, on the basis of sovereign immunity. (Docs. 1 and 116.) As recognized by the 5th Circuit, defendant may waive immunity "by demonstrating an intent to defend its claims on the merits, asserting claims of their own in federal court, or otherwise voluntarily invoking federal court jurisdiction." *Blessett v. Tex. Office of the AG Galveston Cty. Child Support Enf't Div.*, 2021 U.S. App. LEXIS 30285, at *3 (5th Cir. Oct. 8, 2021), relying on *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005); *Neinast v. Texas*, 217 F.3d 275, 279 (5th Cir. 2000). *See also Kermode v. Univ. of Miss. Med. Ctr.*, 496 F. App'x 483, 489 (5th Cir. 2012). The possible applicable exception in this case depends on whether defendant's actions in this forum to date can be

interpreted as having demonstrated an intent to defend the state law negligence claims against it on the merits.

Defendant asserted its sovereign immunity in its answer in this action filed originally in this federal court. (Doc. 20.) While the 5th Circuit has found waiver of sovereign immunity in cases when the state removed the action to federal court, See, e.g., *Fletcher v. La. Dep't of Transportation & Dev*., 2020 U.S. Dist. LEXIS 210525, at *7 (M.D. La. Nov. 10, 2020) (where this court found when a state removes a case to Federal court, it waives sovereign immunity from suit, citing *Lapides v. Bd. of Regents*, 535 U.S. 613, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002)) undersigned counsel recognizes that the 5th Circuit has been reluctant to find that a state waived its immunity by demonstrating an intent to defend its claims on the merits, absent the state having removed the action to federal court. See, e.g., *Union Pac. R.R. v. La. PSC*, 662 F.3d 336, 342 (5th Cir. 2011) & *Tawakkol v. Vasquez*, 81 F.4th 397 n.2 (5th Cir. 2023) (where the court found that state did not waive sovereign immunity, even though the state did not raise the defense until the cases were on appeal).

At least one other circuit has been slightly less stringent in finding waiver of sovereign immunity through the state's actions in defending the case on the merits. E.g., *Johnson v. Rancho Santiago Cmty. Coll. Dist*., 623 F.3d 1011, 1022 (9th Cir. 2010) (where the state had "baldly asserted" the defense in its answers, but waited to file motion to dismiss after litigating the suit on the merits, participating in discovery, filing motions to dismiss and summary judgments without pressing a sovereign immunity defense, the court found that state defendants engaged in conduct "incompatible with" an intent to preserve sovereign immunity when they raised a sovereign immunity defense only belatedly, after extensive proceedings on the merits.)

Here, after filing an answer over four years ago, pleading sovereign immunity, participating in discovery, status conferences, depositions, and filing a Motion to Quash Notices of Depositions or for Protective Order (Doc. 70), a Motion for Expedited Considering of Motion to Quash Notices of Depositions or for Protective Order (Doc. 71), a Motion to Withdraw Motion to Quash Notices of Depositions (Doc. 78), and an Unopposed Motion to Extend Qualified Immunity Deadline and Motion for Expedited Consideration (Doc. 86), the state now seeks dismissal. Should this court determine that these actions evidence an intent to defend this action on the merits, then the motion should be denied. In the alternative, Plaintiff respectfully submits that if dismissal be granted, it be done without prejudice, to allow him to pursue his state law claims against defendant in state court,[1] and further, that attorney fees be denied under 23 U.S.C. § 1988, as inapplicable to the state law claims pled against the state.

Respectfully submitted,

/s/ Donald J. Cazayoux, Jr.
DONALD J. CAZAYOUX, JR., #20742
J. LANE EWING, #29854
CAZAYOUX EWING, LLC
257 Maximilian Street
Baton Rouge, Louisiana 70802
Telephone: (225) 650-7400
Facsimile: (225) 650-7401
don@cazayouxewing.com
lane@cazayouxewing.com
*Attorneys for Plaintiff*

---

[1] Plaintiff also filed a companion action against the state in state court, entitled *Clifton Dilley v. State of Louisiana through Department of Public Safety and Corrections and Office of State Police,* Suit No. 685003, Div. 27, 19th JDC, pleading the same state law causes of action against the state, as pled in this action, for the purposes of preserving any possible rights against the state in the event it invoked sovereign immunity.

3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CLIFTON SCOTT DILLEY : | |
| *Plaintiff,* : | |
| : | |
| VERSUS : | |
| : | CIVIL NO. 19-391-BAJ-EWD |
| STATE OF LOUISIANA, : | |
| DEPARTMENT OF PUBLIC SAFETY : | |
| AND CORRECTIONS, AND : | |
| OFFICE OF STATE POLICE, : | |
| AND KASHA DOMINGUE : | |
| *Defendants.* : | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing *Plaintiff's Opposition to Defendant's Rule 12(c) Motion for Judgment on Pleadings* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of this court's electronic filing system.

Baton Rouge, Louisiana this 31st day of October, 2023.

                                             /s/ Donald J. Cazayoux, Jr.
                                             DONALD J. CAZAYOUX, JR., #20742
                                             J. LANE EWING, #29854
                                             CAZAYOUX EWING, LLC
                                             257 Maximilian Street
                                             Baton Rouge, Louisiana 70802
                                             Telephone: (225) 650-7400
                                             Facsimile: (225) 650-7401
                                             don@cazayouxewing.com
                                             lane@cazayouxewing.com
                                             *Attorneys for Plaintiff*