UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLIFTON DILLEY                                                            CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL.                                      NO. 19-00391-BAJ-EWD

RULING AND ORDER

This is a civil rights action arising from a police shooting. Plaintiff Clifton Dilley has sued the police officer who shot him, former Trooper Kasha Domingue (*hereinafter*, "Trooper Domingue"), as well as her then-employers, the Louisiana State Police (LSP), the Department of Public Safety and Corrections (DPSC), and the State of Louisiana. Plaintiff is pursuing the following claims: (1) a constitutional individual capacity excessive force claim against Trooper Domingue; (2) a state law negligence claim against Trooper Domingue; (3) a state law vicarious liability claim against the state entities; and (4) a state law failure to supervise and train claim against the state entities. (Doc. 1).

Now before the Court is Defendants LSP and DPSC's (*collectively*, "DPSC/LSP") **Rule 12(C) Motion for Judgment on the Pleadings (Doc. 116, the "Motion")**, seeking dismissal of Plaintiff's claims against the state entities pursuant to Federal Rule of Civil Procedure 12(C) on the grounds of Eleventh Amendment immunity. (*Id.* at 1). Plaintiff opposes the motion. (Doc. 118). For the reasons that follow, the Motion will be granted.

"The Eleventh Amendment grants a state immunity from suit in federal court

by citizens of other states, and by its own citizens as well." *Barton v. Dresser, LLC*, 2023 WL 5120987, at *2 (W.D. La. Aug. 9, 2023) (citing *Lapides v. Bd. of Regents*, 535 U.S. 613, 616 (2002)). While the immunity doctrine acts as an affirmative defense to preclude litigation in a federal forum, it is "more akin to a limitation on subject-matter jurisdiction." *Union Pac. R.R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011). Unlike subject-matter jurisdiction, however, Eleventh Amendment immunity may be waived by the state. *Id.* Courts have found waiver of immunity when the state: (i) "voluntarily invokes federal-court jurisdiction," or (ii) "makes a 'clear declaration' that it intends to submit to federal jurisdiction." *Id.* (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)).

In its Motion, DPSC/LSP asserts it is entitled to Eleventh Amendment immunity as an arm of the state because it has neither invoked the Court's jurisdiction nor clearly waived its right to this immunity. (Doc. 116-1 at 3). Plaintiff responds that DPSC/LSP's conduct as an active participant in the lawsuit—"participating in discovery, status conferences, depositions, and filing . . . Motions"—constitutes an intent to defend this action on the merits. (Doc. 118 at 4).

In this case, which was filed on August 6, 2019, the only issue that has been litigated to date is Trooper Domingue's 2023 Motion for Summary Judgment (Doc. 94), which the Court denied, (Doc. 120). Prior to this, the matter had been stayed and administratively closed for two years starting in October 2021, while the State of Louisiana conducted criminal proceedings against Trooper Domingue. (Doc. 50 at 2).

2

For its part, DSPC/LSP's involvement has been limited to matters related to Trooper Domingue's Motion for Summary Judgment. (*See* Docs. 70, 71, and 86). The state law claims brought by Plaintiff against the state entities have not been litigated yet, and no discovery has occurred regarding those claims. (Doc. 119).

Although Plaintiff argues that DSPC/LSP has actively participated in this matter such that it has waived its Eleventh Amendment immunity, the U.S. Court of Appeals for the Fifth Circuit has held that far more involvement is required before a Court can find waiver. In *Union Pac. R.R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336 (5th Cir. 2011), the Fifth Circuit held that Louisiana did not waive its Eleventh Amendment immunity even when it litigated the case on the merits and raised the immunity issue only on appeal. *Id.* at 342. In that case, like this one, Louisiana was involuntarily brought into federal court as a defendant. *Id.* at 341. The Fifth Circuit found that even though Louisiana had defended the case on the merits, "it never chose to litigate in a federal forum" and its conduct was otherwise "insufficient to constitute an unequivocal or clear declaration of waiver." *Id.*; *see Sullivan v. Univ. of Tex. Health Sci. Ctr. at Hous. Dental Branch*, 217 F. App'x 391, 393 (5th Cir. 2007) (per curiam) (finding no waiver where state participated in administrative proceedings before the Equal Employment Opportunity Commission); *Neinast v. Texas*, 217 F.3d 275, 279–80 (5th Cir. 2000) (finding no waiver where state litigated a motion to dismiss); *Evans v. City of Bishop*, 238 F.3d 586, 589 n.6 (5th Cir. 2000) (explaining that Eleventh Amendment immunity need not even always be raised at the trial level).

Here, DPSC/LSP has successfully established that it did not waive its Eleventh

3

Amendment immunity as an arm of the State of Louisiana. Neither the length of time that DPSC/LSP took to assert immunity nor its participation in litigating issues related to the claims against Trooper Domingue are sufficient to find voluntary waiver of immunity. Because DPSC/LSP has not waived its right to sovereign immunity, Plaintiff's claims against DPSC/LSP must be dismissed without prejudice.[1]

Accordingly,

**IT IS ORDERED** that Defendants Louisiana State Police and the Department of Public Safety and Corrections' **Rule 12(C) Motion for Judgment on the Pleadings (Doc. 116)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Louisiana State Police and the Department of Public Safety and Corrections be and are hereby **DISMISSED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 16th day of October, 2024

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[1] Dismissal of claims for plaintiffs who have no standing to sue in federal court generally should be entered without prejudice. *Treme v. St. John the Baptist Parish Council*, 93 F.4th 792, 800 (5th Cir. 2024).